UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AUSTIN HARRISON, PAM HARRISON
and MARK HARRISON,

    Plaintiffs,

v.                                      Case No:   2:12-cv-205-FtM-38UAM

STATE FARM FIRE & CASUALTY
COMPANY,

    Defendant.
_____/

**ORDER[1]**

This matter comes before the Court on the Defendant State Farm Fire and Casualty Company's Motion for Judicial Notice and Clarification (Doc. #107) filed on December 17, 2013.  The Plaintiffs filed their Response in Opposition (Doc. #108) on December 17, 2013.  The Motion is now ripe for the Court's review.

State Farm moves the Court to take notice of Fla. Stat. § 92.525 which reads in pertinent part:

> (1) When it is authorized or required by law . . . that a document be verified by a person, the verification may be accomplished in the following manner:
>
>  (a) Under oath or affirmation taken or administered before an officer authorized under s. 92.50 to administer oaths; *or*
>
> (b) By the signing of the written declaration prescribed in subsection (2).

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

> (2) A written declaration means the following statement: "Under penalties of perjury, I declare that I have read the foregoing [document] and that the facts stated in it are true," followed by the signature of the person making the declaration . . . . The written declaration shall be printed or typed at the end of or immediately below the document being verified and above the signature of the person making the declaration.
>
> (3) A person who knowingly makes a false declaration under subsection (2) is guilty of the crime of perjury by false written declaration, a felony of the third degree . . .
>
> (4) As used in this section:
>
> * * * *
>
> (b) The term "document" means any writing including, without limitation, any form, application, claim, notice, tax return, inventory, affidavit, pleading, or paper.
>
> (c) The requirement that a document be verified means that the document must be signed or executed by a person and that the person must state *under oath* or affirm that the facts or matters stated or recited in the document are true, or words of that import or effect.

Fla. Stat. § 92.525.

In the Court's Order denying summary judgment, the Court stated that State Farms initial production of the Harrisons' insurance declaration page was technically correct but was not correctly sworn under oath as required by the statute. The order read "[w]hile the information regarding the policy limits was correct it was still not within technical compliance with the statute as Wilson was not sworn under oath." (Doc. #104, p. 16).

State Farm asks the Court to clarify or to take notice of the fact that an affirmation declaring information in a document can be sworn by stating "[u]nder penalty of perjury, I declare that I have read the foregoing document and attachments and the information stated therein is true and correct." Fla. Stat. § 92.525(2). The Plaintiffs object to State Farms position arguing that the "under oath" means the document must be sworn before an individual capable issuing an oath like a notary.

The declarations page provided by State Farm Team Leader Wilson was signed by Wilson who represented "[u]nder penalty of perjury, I declare that I have read the foregoing document and attachments and the information stated therein is true and correct." (Doc. # 49-6). This is an oath authorized by section 92.525 of the Florida Statutes. J.S.L. Const. Co. v. Levy, 994 So.2d 394, 399 (3d DCA 2008) (citing Fla. Stat. § 92.525(1), (2) providing that a document may be verified by notarized oath or affirmation or by written declaration stating "[u]nder penalties of perjury, I declare that I have read the foregoing [document] and that the facts stated in it are true")); Battle v. Gentry, 898 So.2d 263, 264 (Fla. 1st DCA 2005) (concluding that "a statement in which [a] claimant affirmed that the information contained on [a] form was true," constitutes an oath); Theoc v. State, 832 So.2d 261, 262 (Fla. 3d DCA 2002) (confirming that a statement made "under penalties of perjury" and declared to be based on facts represented as being true, is an un-notarized oath authorized by section 92.525); *see also* Fla. R. Crim. P. 3.987 (recognizing two types of oaths, a notarized oath signed in the presence of a notary and an "Un-notarized Oath," stating "Under penalties of perjury, I declare that I have read the foregoing motion and that the facts sated in it are true"); State v. Shearer, 628 So.2d 1102, 1102–1103 (Fla.1993) (concluding that for purposes of defendant's 3.850 motion, "[i]n addition to a notarized oath ... section 92.525 ... provides that a signed declaration can substitute for a notarized oath if it contains the following language: 'Under penalties of perjury, I declare that I have read the foregoing [document] and that the facts stated in it are true' "). This oath is all that was necessary in this instance. Noting that Wilson's affirmation that the information on the declaration page was correct was sufficient under Florida law does not change the Court's decision. Although the oath may have been sufficient under the law, the information contained on the paperwork was still dated and contained errors regarding

3

the vehicle's ownership and who was and was not covered under the terms of the policy. Thus, the Court's ruling on State Farm's summary judgment remains unchanged.

State Farm also asks that the jury instructions contain a statement regarding Wilson's oath and that it is correct under Fla. Stat. § 92.525.  While the Court acknowledges that Wilson's statement is a proper oath under the statute, the jury instructions will determined during the trial in accord with the Eleventh Circuit's instructions, Florida law, and discussions by counsel at the appropriate time during the trial.

Accordingly, it is now **ORDERED:**

The Defendant State Farm Fire and Casualty Company's Motion for Judicial Notice and Clarification (Doc. #107) is **GRANTED in part and DENIED in part**.

(1) The Defendant State Farm Fire and Casualty Company's Motion for Judicial Notice and Clarification making clear that Wilson's un-notarized oath pertaining to the first declarations page was sufficient under Fla. Stat. § 92.525.

(2) The Court's ruling on State Farm's summary judgment remains unchanged.

(3) The Defendant State Farm Fire and Casualty Company's Motion to include the requested Judicial Notice in the jury instructions is **DENIED** without prejudice to be raised at the appropriate time.

**DONE** and **ORDERED** in Fort Myers, Florida this 19th day of December, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record